**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| ) | |
| AMERICAN CIVIL LIBERTIES UNION, ) | |
| ) | |
| AMERICAN CIVIL LIBERTIES UNION ) | |
|    FOUNDATION, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 08-00437 (RCL) |
| ) | |
| DEPARTMENT OF DEFENSE, ) | |
| ) | |
| CENTRAL INTELLIGENCE AGENCY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

---

**<u>MEMORANDUM OPINION</u>**

This matter comes before the Court on defendants' Motion [9] for Summary Judgment.

Defendants contend that they have fully complied with plaintiffs' FOIA request, having invoked

FOIA Exemptions 1 and 3 in the process.  Plaintiffs oppose the motion, arguing that defendants

have not adequately stated a basis for invoking the exemptions.  The Court concludes that

defendants' declaration provides adequate support for the claimed exemptions and will grant

summary judgment for defendants.


**I.  FACTS**

Plaintiffs made a FOIA request of both defendant agencies seeking records related to

fourteen named detainees held at the U.S. Naval Base in Guantanamo Bay, Cuba.  (Hilton Decl.

Ex. A.)  Specifically, plaintiffs requested:

1. Unredacted versions of CSRT [Combatant Status Review Tribunal] hearing transcripts.
2. Copies of all records provided to the CSRT by the detainees or their Personal Representative.
3. Copies of all records provided to the CSRT by the Recorder.

(*Id*.)  Separate from plaintiffs' FOIA request, defendants had posted versions of those fourteen detainees' CSRT transcripts (eight unclassified and six redacted) on the Department of Defense's web site.  (Hilton Decl. ¶14.)  After defendants failed to produce additional records by the statutory FOIA deadline, plaintiffs filed suit.  Defendants' declaration indicates that the parties agreed that this litigation would encompass only items (1) and (2) of plaintiffs' request (*id.* ¶12); plaintiffs do not disagree.

After plaintiffs filed suit, defendants sent plaintiffs the fourteen CSRT transcripts that had already been made publicly available.  (*Id.* ¶16.)  Defendants justify the redactions with FOIA Exemptions 1 and 3.  (*Id.* ¶¶22–27.)  Defendants also identified five records responsive to item (2) of plaintiffs' FOIA request:

a. A one-page document of [detainee] Abu Zubaydah;
b. A two-page written statement of [detainee] Khalid Sheikh Muhammad;
c. A seven-page written statement of [detainee] Hambali;
d. Two pages of "Detainee Session Notes" prepared by the Personal Representative of [detainee] Majid Khan and entered into evidence at his CSRT hearing; and
e. A one-page written statement of [detainee] Bin Lap responding to particular items of evidence.

(*Id.* ¶18.)  Defendants determined that items (a) and (d) could be released in full, but that the other three records would have to be redacted pursuant to Exemptions 1 and 3.  (*Id.* ¶¶19, 28–30.)  Defendants released the five records (two unredacted and three redacted) to plaintiffs.

2

(*Id.* ¶20.)

## II.  LEGAL FRAMEWORK

### A.      FOIA Exemptions 1 and 3 and Other FOIA Issues

Defendants redacted information from the records released to plaintiffs pursuant to FOIA

Exemptions 1 and 3.  Exemption 1 protects records that have been properly designated as

classified, pursuant to executive order, in the interest of national defense or foreign policy.  5

U.S.C. § 552 (b)(1).  Exemption 3 protects materials that are "specifically exempted from

disclosure by [another] statute."  5 U.S.C. § 552 (b)(3).

In FOIA cases—including cases involving Exemptions 1 and 3—courts have broad

discretion to order *in camera* review of withheld documents.  *See Horowitz v. Peace Corps*, 428

F.3d 271, 282 (D.C. Cir. 2005).  *In camera* review can sometimes be helpful to determine

whether an agency's exemption claim is proper.  However, summary judgment can be granted on

the basis of agency declarations if they are reasonably specific and submitted in good faith.  *See*

*Halperin v. CIA*, 629 F.2d 144, 148 (D.C. Cir. 1980).  Courts also must make a finding regarding

segregability of nonexempt material, *Schiller v. NLRB*, 964 F.2d 1205, 1210 (D.C. Cir. 1992)

("[I]t is error for a district court to simply approve the withholding of an entire document without

entering a finding on segregability, or the lack thereof.") (internal citations and quotations

omitted); if nonexempt material can be segregated from exempt material, the nonexempt material

must be released.  Finally, an agency forfeits its ability to claim Exemptions 1 or 3 if the

requested information has already been officially disclosed.  But only official, specific disclosure

by the agency itself constitutes waiver; the mere fact that the information has entered the public

domain does not.  *See, e.g.*, *Afshar v. Dep't of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1980)

("[E]ven if a fact . . . is the subject of widespread media and public speculation, its official

acknowledgment by an authoritative source might well be new information that could cause

damage to the national security."); *Pub. Citizen v. Dep't of State*, 11 F.3d 198, 201 (D.C. Cir.

1993) ("[A]n agency official does not waive [E]xemption 1 by publicly discussing the general

subject matter of documents which are otherwise properly exempt from disclosure under that

exemption.").  Plaintiffs bear the burden of proving official disclosure.  *Afshar*, 702 F.2d at 1130.


**B.      Standard for Summary Judgment**

Summary judgment should be granted when "the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party

seeking summary judgment bears the initial burden of production as to the absence of genuine

issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A genuine issue of

material fact exists if the evidence, viewed in the light most favorable to the nonmoving party,

"is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v.

Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  But a genuine issue requires more than "a

scintilla of evidence" supporting the nonmoving party; "there must be evidence on which the jury

could reasonably find" for the nonmoving party.  *Id.* at 252.

In a FOIA case, summary judgment can be awarded based on information provided by the

agency in affidavits or declarations.  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.

Cir. 1981).  Agency affidavits or declarations establishing the adequacy of a search must be

"relatively detailed and non-conclusory." *SafeCard Servs. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Such affidavits or declarations "are accorded a presumption of good faith." *Id*. "An agency must demonstrate that 'each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements.'" *Long v. Dep't of Justice*, 450 F. Supp. 2d 42, 54 (D.D.C. 2006) (quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) (internal citation and quotation omitted)).

## III.  ANALYSIS

### A.     Records Are Properly Withheld Under Exemptions 1 and 3

Affording defendants' declaration the appropriate presumption of good faith, the Court concludes that the withheld information was properly withheld under Exemptions 1 and 3. Part III of defendants' declaration deals specifically with the redactions from each of the CSRT transcripts and from the materials provided by the detainees or their personal representatives. (Hilton Decl. ¶¶21–30.) Each of these redacted pieces of information, the declaration explains, was both properly classified under Executive Order 12,958 and exempted from FOIA by other pieces of legislation (the National Security Act of 1947 and the Central Intelligence Agency Act of 1949, both of which protect intelligence sources and methods). (*Id*.) Part IV of the declaration goes into considerable detail on the application of the Executive Order (*id*. ¶¶31–66) and also elaborates on the intelligence statutes (*id*. ¶¶67–70).

Plaintiffs claim that defendants' declaration is overbroad and conclusory. (Opp'n at 14–16.) Plaintiffs suggest *in camera* review of the unredacted documents to ensure that only appropriate information has been redacted. (*Id.*) The Court declines, finding that defendants'

declaration is reasonably specific, nonconclusory, and submitted in good faith.  The declaration describes specifically what types of information were withheld and why.  (Hilton Decl. ¶¶21–70.) The Court, giving deference to the agency's detailed, good-faith declaration, is disinclined to second-guess the agency in its area of expertise through *in camera* review.  As plaintiffs note, "[t]he ultimate criterion [for *in camera* review] is simply this: Whether the district judge believes that *in camera* inspection is needed in order to make a responsible de novo determination on the claims of exemption."  (Opp'n at 13 (quoting *Spirko v. U.S. Postal Serv.*, 147 F.3d 992, 996 (D.C. Cir. 1998)).)  The Court does not believe that *in camera* inspection is needed here.

Plaintiffs also claim that the declaration does not show that further nonexempt information cannot be reasonably segregated.  The Court disagrees again.  The detailed nature of the declaration, combined with defendants' continued good-faith effort to produce as much nonexempt information as possible, is sufficient for the Court to conclude that further nonexempt information cannot reasonably be redacted from the withheld material.

Alternatively, plaintiffs claim that some material was improperly classified because it may contain evidence that the government has violated the law.  (Opp'n at 24–29.)  But plaintiffs misapprehend the Executive Order.  Executive Order 12,958 prohibits classifying information "in order to . . . conceal violations of the law."  Exec. Order No. 12,958 § 1.7(a)(1), *as amended by* Exec. Order 13,292, 68 Fed. Reg. 15315 (Mar. 25, 2003).  However, there is no indication that these materials were classified "in order to" conceal violations of the law.  The declaration credibly outlines the (proper) motives behind the classification decisions.

Another theory advanced by plaintiffs is that defendants cannot withhold "false or exaggerated" statements by detainees because, being false, such statements cannot pose harm to

national security or foreign policy.  (Opp'n at 22–24.)  Defendants counterargue that if only true

allegations were redacted, detainees could, through a coordinated series of intermingled true and

false claims, communicate the true information that defendants rightfully seek to withhold.[1]

Improbable though this might seem, it is conceivable.  Indeed, the "mosaic" justification is well

recognized in FOIA national-security withholdings.  *See Halperin*, 629 F.2d at 150 ("We must

take into account . . . that each individual piece of intelligence information, much like a piece of

jigsaw puzzle, may aid in piecing together other bits of information even when the individual

piece is not of obvious importance in itself."); *Gardels v. CIA*, 689 F.2d 1100, 1106 (D.C. Cir.

1982) ("The CIA has the right to assume that foreign intelligence agencies are zealous ferrets.").

According defendants' declaration a presumption of good faith, defendants have justified the

redaction of false or exaggerated detainee statements.


**B.      Defendants' Withholding Does Not Violate Plaintiffs' First Amendment Rights**

Plaintiffs assert that defendants' refusal to produce all requested records violates

plaintiffs' First Amendment right to receive information.  This argument is wholly without merit.

---

[1]Defendant's declaration explains:
> For example, if the United States redacted only the HVDs' [High-Value
> Detainees'] true allegations regarding locations of CIA detention facilities, the
> true locations of these facilities could be revealed by making multiple allegations
> as to location, through a simple process of elimination.  The same is true with
> respect to conditions of confinement and interrogation methods.  If only true
> statements about such conditions and techniques were redacted, HVDs with
> access to classified information regarding actual conditions and techniques could
> paint a picture of those conditions and technique used and not used by making
> repeated allegations about conditions of confinement and interrogation
> techniques.

(Hilton Decl. ¶65.)

First, there is obviously no First Amendment right to receive classified information.  Second, were plaintiffs correct, every FOIA exemption would likely be unconstitutional.  Plaintiffs' argument warrants no further discussion.

**C.      Because Withheld Records Have Not Been Officially Disclosed, Defendants Have Not Waived Exemptions**

Plaintiffs maintain that because various details regarding detainee treatment have made their way into the public realm, defendants have waived the protections of Exemptions 1 and 3.  This argument fails because plaintiffs have not shown that the specific contents of the withheld records have been officially disclosed by either defendant agency.

Plaintiffs' opposition brief includes forty-seven exhibits of purported public disclosures.  Many of these are press reports or reproductions of documents that do not appear to have been officially disclosed to the public.  The law is clear that such publications do not vitiate Exemptions 1 and 3.  *See Afshar*, 702 F.2d at 1130.  Similarly, allegations or reproductions of documents contained in congressional reports do no constitute official agency disclosure.  *See Salisbury v. U.S.*, 690 F.2d 966, 971 (D.C. Cir. 1982) ("[B]are discussions by . . . the Congress of [exempt records] generally cannot be equated with disclosure by the agency itself of [those records].")

The remaining disclosures identified by plaintiffs are public statements or releases by agency officials.  (Plaintiffs do a poor job of indicating which disclosures they consider official public disclosures, so the Court is left to do its own sorting.)  These official public disclosures are relatively general discussions of the detainee interrogation program.  Again, plaintiff bears

the burden of showing official disclosure.  *Afshar*, 702 F.2d at 1130.  Specifically, plaintiff must

show three elements:

> First, the information requested must be as specific as the information previously
> released.  Second, the information requested must match the information
> previously disclosed. . . .   Third, . . . the information requested must already have
> been made public through an official and documented disclosure.

*Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990) (citing *Afshar*, 702 F.2d at 1133).

Plaintiff has not met this burden.  There is no reason to think that the information redacted from

the released materials is "as specific as," or "matches," the official public disclosures.  And there

is no indication that the information requested has already been officially disclosed.

Accordingly, defendants have not waived Exemptions 1 and 3.


### CONCLUSION

Defendants have supported their use of FOIA Exemptions 1 and 3 as required by the law.

The exemptions have not been waived, and plaintiffs' First Amendment rights have not been

violated.  Because plaintiffs offer no other reason why defendants have not fulfilled their FOIA

obligations, summary judgment will be granted for defendants.

A separate order shall issue this date.


Signed by Royce C. Lamberth, Chief Judge, on October 29, 2008.